In the Matter of the Estate of JOHN BAUM, Deceased.

Surrogate's Court, Queens County, January 14, 1935.

*William Koch*, for the executor.

*William M. Pollack*, for the plaintiff.

HETHERINGTON, S. Charles Gengenagle filed a claim against decedent's estate in the sum of $1,860 for board and lodging alleged to have been furnished by him to decedent. In due course the executor rejected the claim. An action was thereupon brought by the alleged creditor, as plaintiff, against the representative, as defendant, in the City Court of the City of New York, county of Queens. Pursuant to subdivision 9 of section 40 of the Surrogate's Court Act the action was subsequently transferred to this court. After the filing of the executor's account, objections were interposed by the plaintiff-creditor and two others to the effect that the executor had improperly rejected their respective claims. The issues thus raised by the account and objections were heard before the surrogate with the result that Gengenagle's claim was disallowed and his objections overruled. The executor now presents for the surrogate's signature a paper labeled "Proposed Judgment," headed with a double title, one being that employed in the accounting proceeding and the other that of the City Court action. After reciting the service of the summons and complaint and answer, and the transfer of the cause to this court, it concludes with a direction that the "complaint of the plaintiff be and the same hereby is dismissed, and that said defendant, William Koch, as executor of the Estate of John Baum, deceased, recover of the plaintiff his costs, as taxed, amounting to the sum of $       and that he have execution therefor." A proposed bill of costs similarly entitled seeking an allowance of seventy dollars pursuant to section 278 of the Surrogate's Court Act and disbursements of two dollars and fifty cents for "county clerk's fee for entering judgment" is simultaneously submitted. Prior to the submission of these papers, the executor had submitted a proposed decree disallowing the claims, overruling the objections, settling the account, directing distribution and providing for his discharge together with a bill of costs in which he sought to tax, among others, an item of seventy dollars for costs on the contested accounting.

The " proposed judgment " cannot be signed nor can the accompanying bill of costs amounting to seventy-two dollars and fifty cents be taxed. The procedure sought to be introduced by the executor does not conform to the practice in this court. In the instant proceeding the determination of the rights of the parties must be expressed in a decree. (Surr. Ct. Act, §§ 78, 267.) The " proposed judgment," while proper in the City Court, is not employed in this court. After transfer of the action to this court, the City Court was divested of jurisdiction. All subsequent proceedings taken must then conform to the practice and procedure of this court. The proposed decree, when corrected, will afford the executor all the relief to which he is entitled. To allow the representative to tax both bills of costs would mean that the objector would be penalized twice for the same item, namely, seventy dollars for costs upon a contested accounting. The prospective disbursement of two dollars and fifty cents for " county clerk's fee for entering judgment " is manifestly improper for the reason that the decree will not be entered in the office of the county clerk. Costs of the executor upon the accounting are allowed and taxed at $312. The proposed decree should be corrected and settled on notice. Proceed accordingly.